**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRAFFIX USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 21 CV 02093** |
| **v.** | ) | |
| | ) | **Magistrate Judge Jeffrey I. Cummings** |
| **BRANDON BAY & LOGISTICS** | ) | |
| **GROUP INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 18, 2021, Traffix USA, Inc. ("Traffix") filed this suit against its former employee, Brandon Bay ("Bay"), and his subsequent employer, Logistics Group International, Inc. (collectively, "defendants") alleging claims for (1) breach of a non-compete contract; (2) breach of a confidentiality agreement; (3) tortious interference with contractual relations; (4) tortious interference with economic advantage; (5) injunctive relief; (6) breach of the duty of loyalty; (7) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/2(d); and (8) violation of the Defend Trade Secrets Act, 18 U.S.C. §1831 *et seq.*. (Dckt. #1.) Rather than file a motion to dismiss, defendants chose to answer the complaint on June 14, 2021. (Dckt. #13.) Currently before the Court is defendants' motion for sanctions under Rule of Civil Procedure 11, which defendants filed after submitting their answer. (Dckt. #15.) According to defendants, Traffix should be sanctioned because it insisted on filing suit despite having been repeatedly informed that there was no factual or legal basis for its claims. The motion is denied.

1

## I.     Background

Because defendants' motion is denied on procedural grounds, the Court does not review the full factual background of the case here.  Suffice to say that on December 20, 2019, Bay executed an "Employee Non-Competition, Non-Solicitation and Non-Disclosure Agreement" and a "Confidentiality Agreement" with Traffix as one of the conditions of his employment. (Dckt. #15-1 at 5.)  Bay resigned from Traffix on October 1, 2020.  (*Id.* at 2.)  The following day, David Rubenstein, an attorney representing Traffix, contacted Bay and explained that Traffix had received information indicating that Bay had violated the aforementioned agreements in several ways.  (*Id.* at 2-4.)  Bay promptly retained counsel, who responded to Mr. Rubenstein on October 9, 2020, arguing that Traffix's allegations lacked merit and explaining why.  (Dckt. #15-1 at 5.)  The lawyers continued to exchange letters discussing the merits, or lack thereof, of a potential lawsuit.

Despite the repeated assertions by Bay's counsel that Traffix's claims were baseless, Traffix filed a complaint on April 18, 2021, to which defendants filed an answer on June 14, 2021.  Nine days later, on June 23, 2021, counsel for defendants wrote Mr. Rubenstein a letter once again opining that the allegations in the complaint lacked merit.  (*Id.* at 15.)  The letter accused Mr. Rubenstein of failing to engage in pre-suit discovery and asked that Traffix voluntarily dismiss the suit.  It concluded: "If your client is unwilling to dismiss its frivolous claims ***within five (5) days of receipt of this correspondence***, we have been authorized to pursue Rule 11 sanctions against Traffix."  (*Id.* at 17.)  Defendants filed this Rule 11 sanctions motion on August 3, 2021.  (Dckt. #15.)

## II. Because defendants failed to substantially comply with Rule 11(c), their motion for sanctions is denied.

Under Rule 11, sanctions are proper "when a party or attorney signs a pleading or motion that is not well-grounded in fact and warranted by existing law." *Blow v. Bjora, Inc.*, 855 F.3d 793, 807 (7th Cir. 2017). A party seeking sanctions must comply with the procedural requirements set forth in Rule 11(c)(2), which provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed.R.Civ.P. 11(c)(2). Traffix argues that defendants' June 23, 2021, letter is procedurally deficient and its motion for sanctions premature. (Dckt. #17 at 6-7.) The Court agrees with the former contention, and limits its analysis to the procedural question.

While Rule 11 plainly states that the moving party must serve a *motion* on its opposition, "a *letter* informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions . . . is sufficient for Rule 11 purposes" so long as it substantially complies with the rule. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552-53 (7th Cir. 2011) (emphasis added). The Seventh Circuit is the only circuit to have adopted this "substantial compliance" test and it has since acknowledged the dangers such a standard presents and expressed a willingness – at some future date – to overturn this line of precedent. *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888 (7th Cir. 2017) ("By treating a mere warning letter as sufficient, a standard of substantial compliance leaves the recipient unclear as

to both whether the opposing party is serious and when the 21-day safe-harbor clock starts to run.").  Until that day comes, however, the "substantial compliance" standard controls.[1]

Though it is unclear exactly what constitutes substantial compliance, the moving party must, at the very least, send a letter explaining the grounds for sanctions and providing at least twenty-one days to remedy the problem.  *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003).  This notice requirement followed by a twenty-one-day cushion – known as the "warning shot/safe-harbor requirement" – serves an important purpose and cannot be compromised.  *N. Ill. Telecom, Inc.*, 850 F.3d at 885 (describing the requirement as "a critical change adopted in the 1993 amendments to Rule 11").  Here, defendants failed to offer a sufficient safe harbor, giving Traffix only five days – rather than the requisite twenty-one – to withdraw its complaint.  (Dckt. #15-1 at 5.)  On its own, this omission is enough to deny defendants' Rule 11 motion.

It is true that defendants did not actually file the instant motion until forty-one days after sending the letter.  However, in light of the Seventh Circuit's clearly expressed reluctance to stray any further from the formal requirements of Rule 11, the Court construes the relevant precedent as narrowly as possible.  Under that precedent, Rule 11 letters must explicitly offer a twenty-one-day safe harbor in order to meet the substantial compliance standard.  *N. Ill. Telecom, Inc.*, 850 F.3d at 888 (finding no substantial compliance where "the letters simply did not offer [opposing parties] the 21-day safe harbor that was offered in *Nisenbaum* or *Matrix IV*"); *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2021 WL 458547, at *23 (N.D.Ill. Feb. 9,

---

[1] Traffix misstates the holding of *N. Ill. Telecom* in its reply, characterizing the decision as "holding that 'substantial compliance' is not sufficient to comply with Rule 11."  (Dckt. #17 at 7.)  Although the court did note that "[w]hether 'substantial compliance' with the warning-shot/safe-harbor requirement of Rule 11(c)(2) can ever be sufficient is controversial," it reiterated that the Seventh Circuit remains "the lone court to say yes."  *N. Ill. Telecom, Inc.*, 850 F.3d at 882.

2021) ("Whatever the merits of Rush's contentions, the problem is that Rush's safe harbor letter did not give Mallory twenty-one days to withdraw her filing, as required by Rule 11(c)(2)."); *Okulovich v. Durham & Durham, LLP*, No. 2:17-cv-00132, 2017 WL 4355258, at *6 (S.D.Ind. Oct. 2, 2017) ("Durham's Rule 11 letter mentions nothing about the 21-day safe harbor and thus fails to substantially comply with [Rule 11(c)(2)] . . . ."). Without such an offer, the duration of the harbor ultimately provided by the moving party is irrelevant.

The vague wording of the June 23 letter also supports a finding of non-compliance. The letter merely stated that defendants' counsel had been "authorized" to pursue sanctions, not that they planned to do so. This verbiage likely left Traffix unclear as to whether defendants were serious about seeking sanctions and when such a motion might be filed. *Cf. Matrix IV, Inc.*, 649 F.3d 539 at 552 (finding substantial compliance where letter explicitly asserted that it served "as notice" of party's intention to seek sanctions at the close of case). Considering this wording and the impermissible five-day deadline, defendants' letter "fell far short of even the generous target of substantial compliance." *N. Ill. Telecom, Inc.*, 850 F.3d at 888; *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 671 (7th Cir. 2012) ("[T]his court is not inclined to award sanctions in favor of a party that cannot be bothered to follow the rules itself."). Accordingly, defendants' motion for Rule 11 sanctions is denied.[2]

---

[2] The Court notes that its denial of defendants' motion is without prejudice to defendants' renewal of the motion if the motion complies with the procedural requirements of Rule 11 and is warranted by the facts and/or applicable law.

## CONCLUSION

For all of the above reasons, defendants' motion for Rule 11 sanctions (Dckt. #15) is denied.  Defendants' motion to stay discovery pending the Court's resolution of the Rule 11 issue (Dckt. #20) is also denied as moot.


**Dated: November 8, 2021**


**Jeffrey I. Cummings**
**United States Magistrate Judge**